**Bobby L. LYNN**

v.

**Police Officer John TUCCI, Lower Merion Police Department; Police Officer Cameron Parker, PA. 0461400, Employed at Lower Merion Township Police Department; Lower Merion Police Department Bobby Lee Lynn, Appellant.**

No. 09–3930.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 April 29, 2010.

Opinion filed: May 11, 2010.

Bobby Lee Lynn, Cresson, PA, pro se.

Before: FUENTES, JORDAN and HARDIMAN, Circuit Judges.

OPINION

PER CURIAM.

Bobby Lee Lynn appeals the District Court's dismissal of his suit with prejudice

for failure to comply with a court order. For the reasons that follow, we will vacate the order of dismissal and remand for further proceedings.

## I.

Lynn, a Pennsylvania inmate, commenced this action in April 2008 by filing an application for leave to proceed *in forma pauperis* (IFP). As the District Court noted in an order dismissing the IFP application without prejudice, Lynn apparently "seeks to proceed [IFP] with a civil rights action against several police officers employed by the Lower Merion Township Police Department. Specifically [Lynn] complains that he was illegally arrested on December 24, 2007." 8/14/08 Memorandum Order at 1 (docket # 7).

After Lynn expressed a desire to proceed with the action, the District Court granted leave to proceed IFP. The District Court thereafter entered an order directing Lynn to file a Complaint. The District Court found that Lynn's submissions on file with the court did not constitute a formal Complaint, and that Lynn must file a Complaint "to properly and correctly institute this civil action." 2/20/09 Order at 1 (docket # 13).

On September 9, 2009, the District Court entered a summary order dismissing the action *sua sponte* and with prejudice, noting that Lynn had failed to file a Complaint as required by the court's order. Lynn timely filed this appeal.

## II.

Lynn has been granted leave to proceed IFP on appeal. We have appellate jurisdiction under 28 U.S.C. § 1291. The dismissal of Lynn's suit for failure to comply a court order is reviewed for abuse of discretion. *See Guyer v. Beard*, 907 F.2d 1424, 1429 (3d Cir.1990). The parties were advised that this Court might take summary action on appeal, and they were afforded an opportunity to respond. *See* 3d Cir. L.A.R. 24.7; I.O.P. 10.6. Summary action is appropriate when "no substantial question is presented." *Id.*

We conclude that the District Court abused its discretion by dismissing Lynn's suit without addressing the factors set forth in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). A district court has authority to dismiss an action *sua sponte* if a litigant fails to prosecute or to comply with a court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). But a district court must first consider the six "*Poulis* factors" before so dismissing the action. *United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 161 (3d Cir. 2003). Those factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Poulis*, 747 F.2d at 868. A *sua sponte* dismissal under Rule 41(b) is considered "extreme" and "must be a sanction of last, not first, resort." *Poulis*, 747 F.2d at 867–69. Only in rare circumstances, such as those demonstrating "contumacious" conduct, may a district court dispense with the *Poulis* factors altogether. *Guyer*, 907 F.2d at 1429–30; *see Spain v. Gallegos*, 26 F.3d 439, 454–55 (3d Cir.1994).

Here, the District Court dismissed Lynn's suit with prejudice without mentioning, much less considering, the *Poulis* factors, and it did not consider whether a

lesser sanction would better serve the interests of justice. *See Guyer,* 907 F.2d at 1429–30. The District Court also failed to afford Lynn an opportunity to explain his failure to comply with the order requiring that he file a more formal complaint. *See Ali v. Sims,* 788 F.2d 954, 958 (3d Cir. 1986) (district court finding that party had "brazenly ignored" order was insufficient to justify dismissal of the action).

### III.

For the foregoing reasons, we will summarily vacate the District Court's September 9, 2009, order and remand this matter for further proceedings consistent with this opinion.